IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No. 12 CR 320 |
| | ) |
| Zenon Grzegorczyk, | ) |
| Defendant. | ) |

Memorandum Opinion and Order

Zenon Grzegorczyk is serving a total sentence of 211 months' imprisonment after pleading guilty to charges of using a facility of interstate commerce with intent that a murder be committed and possessing a firearm in furtherance of a crime of violence. To summarize briefly the factual underpinnings of his plea, defendant attempted to hire two gun suppliers—who turned out to be undercover law enforcement agents—to kill at least three individuals he blamed for his divorce and the loss of custody of his son. *U.S. v. Grzegorczyk*, 800 F. 3d 402, 404 (7th Cir. 2015) (affirming sentence). The number of intended victims later grew to six, and defendant explained that "since there could be no witnesses, the number of victims could change depending on who was present when the agents arrived to kill the victims." *Id.* Defendant offered to pay the individuals $5,000 per victim; made a down payment of

$3,000; and showed them a duffel bag containing $45,000 in cash as well as a semi-automatic weapon and ammunition. *Id*. According to BOP records, his projected release date is June 19, 2027.

Defendant has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He claims that his age—he is 57—along with various medical conditions including shortness of breath and fluid in his lungs resulting from a Covid-19 infection he contracted in prion—amount to extraordinary and compelling circumstances warranting his release. For the reasons that follow, I deny the motion.

Compassionate release is a departure from the general rule that district courts lack authority to modify a sentence once it has become final. *See United States v. Anderson*, 583 F.3d 504, 508 (7th Cir. 2009). As amended by Section 603(b) of the First Step Act, § 3582(c)(1)(A) provides that:

[t]he court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may

2

reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction;

    ...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

    18 U.S.C. § 3582(c)(1)(A).

Although it appears that defendant has satisfied the exhaustion requirement, I am not convinced that "extraordinary and compelling reasons" warrant his relief, much less am I persuaded, given the nature and seriousness of his offenses, that he does not pose a danger to the community if released. To begin, although defendant's age places him at a higher risk of complications from Covid-19 than younger individuals, he is still nearly a decade short of the age at which such risks are the most pronounced. Moreover, by his own acknowledgement, he is receiving regular treatment for the respiratory conditions he complains of, including a daily regimen of Prednisone and Albuterol. Nothing in his submission suggests that the facility where he is incarcerated—Fort Dix FCI—is unable to manage his medical conditions.

Moreover, defendant's immediate release would not be consistent with the factors set forth in 18 U.S.C. § 3553(a). Although defendant emphasizes that he is a first-time offender with a long work history, the conduct to which he pled guilty was shockingly callous: not only did he intend to kill at least three specific individuals, he expressed a willingness to kill any number of others to ensure that there would be no witnesses to the murders. Nothing in his request for compassionate release addresses his conduct or suggests that his cavalier attitude toward taking human lives has evolved. Indeed, defendant says nothing at all about how he has spent his time in prison, nor does he offer specific plans for his release.

For the foregoing reasons, defendant's motion is denied.

                              **ENTER ORDER:**

                              *[signature]*
                              **Elaine E. Bucklo**
                              United States District Judge

Dated: April 8, 2021