```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No. 12 CR 320 |
| | ) |
| Zenon Grzegorczyk, | ) |
| Defendant. | ) |

<u>Memorandum Opinion and Order</u>

Zenon Grzegorczyk is serving a total sentence of 211 months' imprisonment after pleading guilty to charges of using a facility of interstate commerce with intent that a murder be committed and possessing a firearm in furtherance of a crime of violence. The factual underpinnings of his plea have been summarized in written decisions at every level of the federal judiciary and need not be reiterated here. *See Grzegorczyk v. United States*, 142 S. Ct. 2580, 213 L. Ed. 2d 1128 (2022) (denying certiorari); *Grzegorczyk v. United States*, No. 18-3340, 2021 WL 1916496 (7th Cir. May 13, 2021) (affirming denial of motion for relief under 28 U.S.C. § 2255); *United States v. Grzegorczyk*, 533 F. Supp. 3d 665, 666 (N.D. Ill. 2021) (denying compassionate release); *United States v. Grzegorczyk*, 800 F.3d 402, 404–05 (7th Cir. 2015) (affirming

sentence). According to BOP records, his projected release date is June 19, 2027.

In late 2020, defendant moved for compassionate release, arguing that his age (he was 57 at the time), and medical conditions including shortness of breath and fluid in his lungs from which he suffered as a result of a Covid-19 infection amounted to extraordinary and compelling circumstances warranting his release pursuant to 18 U.S.C. § 3582(c)(1)(A). I denied the motion, holding that he was not statutorily eligible for relief, and that even if he were, his release would not be consistent with the factors set forth in 18 U.S.C. § 3553(a). I held:

> Although defendant emphasizes that he is a first-time offender with a long work history, the conduct to which he pled guilty was shockingly callous: not only did he intend to kill at least three specific individuals, he expressed a willingness to kill any number of others to ensure that there would be no witnesses to the murders. Nothing in his request for compassionate release addresses his conduct or suggests that his cavalier attitude toward taking human lives has evolved. Indeed, defendant says nothing at all about how he has spent his time in prison, nor does he offer specific plans for his release.

ECF 109.

Defendant has filed a second motion for compassionate release, in which he argues that he qualifies for relief under the new Sentencing Guideline § 1B1.13(b)(6). The government argues, as it has in a number of other cases, that § 1B1.13(b)(6) is invalid because it is contrary to the text, structure, and purpose of 18

U.S.C. § 3581(C)(1)(a)(i) as the Seventh Circuit construed that provision in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). Mr. Grzegoczyk's motion does not require me to examine the merits of that argument, however, because nothing in his most recent motion alters my view that the § 3553(a) factors do not support his early release. Accordingly, his motion is denied.

                                      **ENTER ORDER:**

                                      *[signature]*

                                      **Elaine E. Bucklo**
                                      United States District Judge

Dated: August 2, 2024